(137 App. Div. 173.)

PEOPLE ex rel. WANG v. LUBLINER UNITED BROS. ASS'N.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

1. MANDAMUS (§ 154*)—PETITION—SUFFICIENCY.

In mandamus to compel relator's reinstatement as a member of defendant beneficial association, a petition alleging that relator was denied the right to select counsel and the privilege of challenging members of the trial committee, as provided by the constitution and by-laws, and that he was denied an opportunity to speak on the charges and was compelled to leave the room, sufficiently alleged that relator was not permitted to speak respecting the charges, though such allegations as to the denial of the right to select counsel and the privilege of challenging members of the trial committee were in a sense legal conclusions.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 296–298; Dec. Dig. § 154.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MANDAMUS (§ 159*)—DENIAL OF ALLEGATIONS—ALTERNATIVE WRIT.

Where the answering affidavits to a petition for a peremptory or alternative writ of mandamus to compel relator's reinstatement as a member of defendant beneficial association, which membership carried with it certain property rights of a pecuniary nature, denied the allegations of the petition, thus presenting a question of fact, relator was entitled to an alternative writ, so that the material questions of fact might be determined by a jury.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 324, 325; Dec. Dig. § 159.*]

Appeal from Special Term, New York County.

Application by the People, on the relation of Nathan Wang, for writ of mandamus against the Lubliner United Bros. Association. From an order denying relator's motion for a peremptory or alternative writ to compel his reinstatement as a member of defendant association, relator appeals. Reversed, and motion for alternative writ granted.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Adolph Stern, for appellant.

Joseph L. Frieder (Alfred B. Jaworower, on the brief), for respondent.

LAUGHLIN, J. · The application was made on an order to show cause based on an affidavit of the relator, which in many respects is subject to the objection that conclusions of law, instead of the facts, are stated. It is, however, specifically charged that the respondent is a domestic corporation of the fraternal beneficial order; that in the month of September, 1909, the relator was a member thereof in good standing and had been such during the past 13 years; that the constitution and by-laws of the association provided, among other things so far as material to the decision of this appeal, that charges against a member may be made by a fellow member in writing, and that "a duplicate charge must be read and accepted without debate," and a committee of three must then be appointed by the president to prefer the charges, and, if such committee finds "that there is some basis for the charge," the president must appoint "a committee of seven to act on the charges"; that the committee shall send a copy of the charges to both parties, and keep a record of its proceedings and make a report thereon to the society at its next meeting; that, "in order to find a member guilty, at least five members of the seven must be of the opinion that he is guilty of the charges and must find him so," and that "during such a proceeding the parties to the charge have a right to speak upon the question, and, after having spoken once upon the subject, must leave the meeting room, and that the accused as well as the accuser has a right to reject four of the members of the trial committee and in that event the president must appoint four others," and that "the accused as well as the accuser have a right to select counsel before said committee." It is further expressly stated in the affidavit that no committee of three was appointed, and that,

instead of appointing a committee of three to investigate and prefer charges, a committee of ten was appointed, and that by the direction of this committee a notice in writing was sent to the relator inclosing a copy of the charges filed against him by a brother member and sent charges prepared and preferred by a committee of three and requesting him to appear before the "charges committee appointed by the president" at a time and place specified "to present your answer in defense of these charges"; that he appeared before the committee, thinking it was the investigating committee, and was denied an opportunity and the right to speak upon the charges and was told to leave the room, and that he was "denied the right to select counsel and the privilege of challenging jurors"; that he was subsequently requested to pay the sum of $4.90 at the next meeting of the society to be held on the 18th day of September, 1909, and notified that, in the event of his failure so to do, he would be expelled, and that he refused to pay the fine and was expelled.

The allegations that the relator was denied the right to select counsel and the privilege of challenging members of the trial committee are in a sense legal conclusions. It would have been better pleading to have stated that he requested to be given or accorded the privilege of exercising his right to select counsel or to present challenges and that his request was denied; but the liberal rule with respect to the construction of pleadings applies here, and in another sense it is clear that he could not be denied a right that he did not assert, unless the necessary inference is that the affirmative action of the committee was such as to render a request futile. Moreover, it is clearly stated that he was denied an opportunity to speak upon the charges and was directed to leave the room, and this we think is a sufficient statement of the fact that he was not afforded an opportunity or permitted to speak with respect to the charges. Assuming that he was, as he thus charges, denied the right to be heard in defense of the charges made against him, it is not material to consider the sufficiency of the charges, for in no event could he be legally expelled without being allowed to be heard in his defense. The answering affidavits deny these allegations, and thus a question of fact was presented which the Special Term could not determine, for it was the right of the relator, since he prayed for that relief, to have an alternative writ, to the end that the material questions of fact might be determined by a jury. The learned counsel for the respondent contends that since it appears by the answering affidavits that the charges were properly prepared by a committee of three, and that a committee of seven was thereupon duly appointed to hear the charges, and that they were duly heard, and that the relator was afforded an opportunity to challenge members of the trial committee and to have counsel, the court was warranted in refusing even an alternative writ and in denying the application. The only authorities cited in support of that contention are decisions holding that for the purpose of determining whether the petitioner is entitled to a peremptory writ the answering affidavits must be taken as true, or that, where the nature of the claim is such that in no event could a peremptory writ of mandamus be issued, the court is justified in

withholding an alternative writ. Here the petitioner requested in the alternative that he be granted a peremptory or alternative writ of mandamus, and the nature of his claim is such that a peremptory writ may be granted to reinstate him as a member of this association, for his membership carries with it certain rights of a pecuniary nature which are property rights of which he could not be deprived without due process of law, which in such case means that the proceedings affecting his rights must be had in substantial accordance with the provisions of the constitution and by-laws, and he must be afforded an opportunity to be heard in defense of any charge made against him.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion for an alternative writ granted, with $10 costs. All concur.